# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON KRON | CIVIL ACTION |
| VERSUS | NO. 10-518 |
| ROBERT C. TANNER, WARDEN, ET AL. | SECTION: "F" (3) |

## O R D E R

Plaintiff has filed an "emergency" motion in which he makes several requests. Rec. Doc. 9. That motion is **GRANTED IN PART AND DENIED IN PART** as follows:

First, plaintiff requests that the Court order that he be transferred from the B.B. "Sixty" Rayburn Correctional Center to the Elayn Hunt Correctional Center. Because this Court has no authority to issue such an order, that request is **DENIED**. Placement of state prisoners is a matter left to the discretion of state officials. A prisoner has no constitutional right springing from the Constitution itself or from any protected liberty or property interest arising from state law to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982); Oatis v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-6266, 2009 WL 3566120, at *3 (E.D. La. Oct. 29, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *8 n.12 (E.D. La. May 10, 2007).

Second, plaintiff requests that the Court order the Warden to produce copies of existing photographs showing plaintiff's injuries. That request is **GRANTED**, and the Court will issue a separate order requiring the production of any such photographs.

Third, plaintiff requests that the Court order inmate Alberto Gonzalez to file an affidavit in support of plaintiff's claims. That request is **DENIED**. However, if this matter proceeds to trial, plaintiff will be allowed to call Gonzalez as a witness.

Fourth, plaintiff requests that the Court order that he, Officer David Alford, and Lieutenant Ronnie Seal submit to polygraph tests. That request is **DENIED**.

Fifth, plaintiff requests that the Court hold a telephone conference to allow his mother to testify in support of his claims. That request is **DENIED**. However, if this matter proceeds to trial, plaintiff will be allowed to call his mother as a witness.

Sixth, plaintiff requests that the Court order that criminal charges be brought against Alford and Seal. That request is **DENIED**. "Individuals seeking the criminal investigation or prosecution of alleged wrongdoers should request the intervention of the appropriate law enforcement authorities, not the federal courts." Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449 (E.D. La. Oct. 23, 2009); see also Hymel v. Champagne, Civ. Action No. 07-450, 2007 WL 1030207, at *2 (E.D. La. Mar. 28, 2007); May v. Kennard Independent School District, No. 9:96-CV-256, 1996 WL 768039, at *4 (E.D. Tex. Nov. 22, 1996).[1]

---

[1] Moreover, the Court notes that the commencement of federal prosecutions is a matter of discretion left to the executive branch of government. As the United States Fifth Circuit Court of Appeals has noted,

> Although as a member of the bar, the attorney for the United States

Seventh, plaintiff requests that he be allowed to amend the complaint to add claims against Alford and Seal. Because the complaint in this case has not yet been served, plaintiff is entitled to amend it once as a matter of course. Fed.R.Civ.P. 15(a). Accordingly, plaintiff's request is **GRANTED**, and the complaint is deemed to be amended to incorporate the claims against David Alford and Ronnie Seal as set forth in the motion. **The Clerk is ORDERED to update the docket sheet to add David Alford and Ronnie Seal as defendants; however, the Clerk is directed to withhold issuance of summons until further order of the Court.**

Plaintiff has also filed a separate motion again requesting that the Court order that he, Officer David Alford, and Lieutenant Ronnie Seal be given polygraph tests. Rec. Doc. 10. That motion is **DENIED**.

New Orleans, Louisiana, this thirty-first day of March, 2010.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**

---

is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys for the United States in their control over criminal prosecutions.

United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965).