UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON KRON                                              CIVIL ACTION

VERSUS                                                  NO. 10-518

ROBERT C. TANNER, WARDEN, ET AL.                        SECTION: "F" (3)

# O R D E R

Plaintiff has filed three new motions to amend the complaint. Rec. Docs. 18, 20, and 26. In those motions, he seeks leave of Court to add claims against Sergeants David Alford, Steve Price, and Larry Weary concerning an alleged use of excessive force on March 27, 2010. Because plaintiff has previously amended the complaint, Rec. Doc. 16, and there has been no written consent to the proposed amendments, the proposed amendments require leave of Court. Fed.R.Civ.P. 15(a). For the following reasons, plaintiff's motion for leave to amend the complaint is **DENIED**.

First, justice does not require that a plaintiff be allowed to continually amend his complaint to add new claims as they occur. Leave will not be granted to amend the complaint to add these new claims which are unrelated to the original claims and which arose long after the complaint was filed. If plaintiff wishes to pursue these additional claims, he may assert them in a separate lawsuit.

Second, the Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). It is evident from the face of the motions that plaintiff has not yet fully exhausted his administrative remedies with respect to the claims arising out of the March 27 incident. Because those claims would therefore be subject to dismissal pursuant to § 1997e(a), leave should be denied on the ground that the proposed amendments would be futile. See, e.g., Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981) (in ruling on a motion to amend, the Court may consider such factors as the futility of the amendments).[1]

New Orleans, Louisiana, this nineteenth day of May, 2010.

DANIEL E. KNOWLES, III
**UNITED STATES MAGISTRATE JUDGE**

---

[1] It also would not be in plaintiff's best interest to grant him leave to add the claims. Upon defendants' motion to dismiss the claims as unexhausted, the Court would most likely dismiss the claims without prejudice, *but with prejudice for the purpose of proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.* See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Fitch v. Louisiana Department of Public Safety & Corrections, Civ. Action No. 08-cv-1126, 2009 WL 1076749, at *3 (W.D. La. Apr. 20, 2009). Such a ruling would then require plaintiff to pay the full filing fee in advance before reasserting the claims in a subsequent lawsuit filed after he exhausted his administrative remedies.