**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JASON KRON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-518** |
| **ROBERT C. TANNER, WARDEN, ET AL.** | **SECTION "F"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Jason Kron, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. In the original complaint, he named the following defendants: Robert C. Tanner, the warden of the B.B. "Sixty" Rayburn Correctional Center; Dr. Dennis LaRavia, a physician at that facility; and James M. LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections. Plaintiff claimed that the defendants failed to protect him from violence at the hands of other inmates and failed to provide him with adequate medical care.[1] Plaintiff subsequently filed an amended complaint, adding excessive force claims against two new defendants, Officer David Alford and Lieutenant Ronnie Seal.[2]

On May 19, 2010, the undersigned United States Magistrate Judge issued a report recommending that all of plaintiff's claims be dismissed with prejudice except for the individual-capacity claims against David Alford and Ronnie Seal concerning the use of excessive force on March 4, 2010.[3] Plaintiff has now filed a motion asking that those remaining claims be stayed

---

[1]   Rec. Doc. 2.

[2]   Rec. Doc. 16.

[3]   Rec. Doc. 29. That Partial Report and Recommendation currently remains pending before the United States District Judge.

pending his exhaustion of his administrative remedies or, in the alternative, that they be dismissed without prejudice.

In his motion, plaintiff indicates that he has not yet exhausted his administrative remedies with respect to the remaining claims. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The United States Supreme Court has held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The Supreme Court has further held:

> Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." ...
>
> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter, 534 U.S. at 524-25 (citations omitted).

It is clear that plaintiff is *not* entitled to have his federal lawsuit stayed pending exhaustion. Seaton v. Sylvestor, No. 99-20035, 2000 WL 960504, at *1 (5th Cir. June 15, 2000); Walker v. Seal, Civ. Action No. 06-1300, 2007 WL 1169364, at *3 (E.D. La. Apr. 19, 2007).

However, it is also clear that plaintiff is entitled to voluntarily dismiss his unexhausted claims. Subject to exceptions not applicable in this case, the Federal Rules of Civil Procedure provide that "the plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment ...." When a *pro se* plaintiff seeks dismissal in a situation in which Rule 41(a)(1)(A)(i) would be applicable, the fact that he fails to cite that rule or correctly style the notice of dismissal is of no significance. See Carter v. United States, 547 F.2d 258, 259 n. 2 (5th Cir. 1977).

The United States Fifth Circuit Court of Appeals has noted that Rule 41(a)(1)(A)(i) "means what it says" and, therefore, "a plaintiff has an *absolute right* to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion." Id. at 259 (emphasis added). When a plaintiff has filed a proper notice of dismissal, a court has "no power or discretion to deny [plaintiff's] right to dismiss or to attach any condition or burden on that right." Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir. 1976).

In this lawsuit, the defendants have filed no answers or motions for summary judgment. Therefore, pursuant to Rule 41(a)(1)(A)(i), plaintiff is entitled to voluntarily dismiss his remaining individual-capacity claims against David Alford and Ronnie Seal concerning the use of excessive force on March 4, 2010.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's motion, Rec. Doc. 33, be **DENIED** as to his request for a stay but **GRANTED** as to his request for voluntary dismissal of his remaining individual-capacity claims against David Alford and Ronnie Seal concerning the use of excessive force on March 4, 2010.

It is **FURTHER RECOMMENDED** that plaintiff's individual-capacity claims against David Alford and Ronnie Seal concerning the use of excessive force on March 4, 2010, be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twenty-sixth day of July, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]     Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.